UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JAN 22 2014

| | | |
|---|---|---|
| JAMES MURPHY, | ) | Civ. 13-4134-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS KAEMINGK, Sec. Of Corrections, Pierre, SD; | ) | |
| DARRIN YOUNG, Warden, South Dakota State Penitentiary; | ) | |
| JENNIFER WAGONER, Deputy Warden, South Dakota State Penitentiary; | ) | |
| BOB DOOLEY, Warden of Prison Operations, State of South Dakota/Springfield; | ) | ORDER DISMISSING COMPLAINT IN PART |
| JESSICA COOK, West Hill Unit Manager, South Dakota State Penitentiary; | ) | |
| HEATHER BOWERS, West Hill Charge Nurse, South Dakota State Penitentiary; | ) | |
| MAJOR VANBORN, Special Security Supervisor, South Dakota State Penitentiary; | ) | |
| ALL SOUTH DAKOTA STATE PENITENTIARY MEDICAL STAFF, working in South Dakota State Penitentiary Hill Medical Department Since 2011 on All Shifts; | ) | |
| ASSOC. ALLCOCK; | ) | |
| SCOTT BOLLINGER; and | ) | |
| ASHLEY MCDONALD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, James Murphy, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Murphy filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On November 27, 2013, the Court granted Murphy leave to proceed in forma

pauperis and ordered him to pay an initial partial filing fee by December 30, 2013. Docket 5. The Court then granted Murphy an extension of time to file his initial partial filing fee (Docket 7), and Murphy paid the initial partial filing fee on January 13, 2014 (Docket 8).

The Court must now screen Murphy's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the Court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, "'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*,

44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Murphy claims that defendants violated the Americans with Disabilities Act, acted with deliberate indifference toward a serious medical need, and failed to protect him from threats to his safety. Docket 1 at 5–7. To remedy these alleged constitutional violations, Murphy requests that the Court enter an order requiring defendants to "make the proper Modification and alterations in the areas that are in non compliant status and to install

the proper equitment [sic] that will insure all inmates that Are ADA entitled Inmates." Docket 1 at 8. Murphy also requests an injunctive order prohibiting defendants from moving, retaliating, harassing, or threatening him with regard to this action. *Id.* Finally, because he has suffered mental anguish and cruel and unusual punishment, Murphy requests $250,000 in damages from each defendant. *Id.*

### I. Murphy Has Not Alleged Facts Sufficient to Support A Claim under the Americans with Disabilities Act.

"Title II of the ADA, . . . prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999). "A qualified individual with a disability is defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity.'" *Id.* (citing 42 U.S.C. § 12131(2)). As held by the Supreme Court of the United States, state prisons qualify as a "public entity" and must therefore comply with Title II of the ADA. *Id.* (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998)). "To state a prima facie case under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Id.* at 858 (citations omitted).

In the instant case, Murphy alleges that defendants have failed to comply with ADA guidelines with respect to jail cells, showers, legal aide, classrooms, the chapel, the recreational area, and the medical department. Docket 1 at 5. According to Murphy, defendants' failure to comply with the ADA poses risk to inmates such as himself and could prevent him from taking

upper classes or being seen by the medical department. *Id.* Significantly, however, Murphy has not alleged that he is a person with a disability as defined by statute, nor has he alleged that he is otherwise qualified for the benefits in question. The Court therefore concludes that Murphy has failed to sufficiently allege an ADA claim for purposes of surviving initial review under 28 U.S.C. § 1915. Accordingly, Murphy's ADA claim is dismissed.

## II.   Murphy Has Alleged Facts Sufficient to Support A Claim for Deliberate Indifference to Medical Needs under the Eighth Amendment.

"A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle*, 429 U.S. at 106). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. More specifically, a prisoner must allege "'(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th. Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). To demonstrate deliberate indifference, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56

5

F.3d 35, 37 (8th Cir. 1995)). "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (citing *Estelle*, 429 U.S. at 104–05).

In the present case, Murphy alleges that he is diabetic. Docket 1 at 6. Nonetheless, defendants have "changed and cancelled medical orders," and as a result, Murphy is no longer receiving a special diet. *Id.* Without a special diet, Murphy represents that he is "in danger of going in to a diabetic shock." *Id.* Furthermore, Murphy is experiencing black outs, which the defendants have allegedly refused to address. *Id.* According all reasonable inferences from these facts to Murphy, the Court finds that Murphy has alleged the first element of a claim for deliberate indifference to a serious medical need—Murphy has indicated that he is diabetic and therefore suffers from an objectively serious medical need. Moreover, the Court finds that Murphy has alleged facts sufficient to support the second element of a claim for deliberate indifference to a serious medical need—Murphy has alleged that defendants acted with deliberate indifference toward his condition by cancelling his special diet and refusing to administer a CT scan to examine his black outs. Accordingly, Murphy's claim for deliberate indifference to a serious medical need survives initial review under 28 U.S.C. § 1915.

### III. Murphy Has Alleged Facts Sufficient to Support A Claim for Failure to Protect under the Eighth Amendment.

The Eighth Amendment imposes a duty on the part of prison officials to "'take reasonable measures to [protect prisoners from] substantial risks of serious harm.'" *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir.

1995)). That duty "requires only that prison officials 'take reasonable measures to abate substantial risks of serious harm, of which the officials are aware.'" *Id.* Explicitly included within that duty is the prison officials' duty "'to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).

Here, Murphy alleges that defendants have ignored death threats, which he has received from "a white pride gang." Docket 1 at 7. According to Murphy, this group of inmates has also caused disturbances in the cell hall and kitchen, and on particular occasions, has thrown hot coffee and urine on him. *Id.* Not only does Murphy allege that defendants have failed to protect him from these inmates, but Murphy also alleges that defendants have informed the white pride gang about the complaints Murphy has filed against them. *Id.* As a result of defendants' failure to protect him from threats to his safety, Murphy has suffered burns and scars, and he lives in constant fear. *Id.* Based on this information and according all reasonable inferences from these facts to Murphy, the Court finds that Murphy has pleaded facts sufficient to support a failure to protect claim for purposes of surviving initial review under 28 U.S.C. § 1915. Accordingly, it is

ORDERED that Murphy's complaint is dismissed in part pursuant to 28 U.S.C. § 1915. All claims are sufficiently pleaded to survive initial review under § 1915, except the Americans with Disabilities Act claim, which is dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive

pleading to the complaint on or before 21 days following the date of service.

IT IS FURTHER ORDERED that Murphy will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

Dated this 22nd day of January, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: *(signature)*
Deputy